UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES METCALF,<br><br>            Plaintiff,<br><br>    v.<br><br>JERRY BRADY, DEPUTY PETRIE<br>and DEPUTY MASON,<br><br>            Defendants. | NO.  CV-07-0287-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. 12(b)(6); ENTERING JUDGMENT; AND CLOSING FILE** |

    Before the Court, without oral argument, is Defendants Jerry Brady, Deputy Petrie, and Deputy Mason's Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6).  (Ct. Rec. 38.)  Defendants contend the Complaint fails to state a 42 U.S.C. § 1983 claim because (1) it fails to set forth facts demonstrating that each Defendant personally caused or participated in a deprivation of Plaintiff James Metcalf's protected rights and (2) Plaintiff failed to exhaust his administrative remedies. After reviewing the submitted material and relevant authority, the Court is fully informed.  For the reasons given below, the Court grants Defendants' motion.

    The Prisoner Litigation Reform Act (PLRA) requires a prisoner, including a pretrial detainee, to exhaust available administrative

ORDER -- 1

remedies prior to filing a § 1983 claim.  42 U.S.C. 1997e(a)[1]; *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).  Even if the prisoner believes pursuing an administrative remedy is futile, exhaustion is required. *Orbriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2007) (citing *Booth*, 532 U.S. at 741 n.6).

Plaintiff is housed at the Spokane County Jail and asserts a due process violation in connection with a disciplinary sanction. Washington Administrative Code chapter 137-28 addresses prison disciplinary hearings and appeals, and, in particular, section 137-28-300 sets forth disciplinary hearing procedures.  The prisoner can appeal the disciplinary hearing officer's decision to the superintendent.  WAC 137-28-310(8); WAC 137-28-380.

The Complaint (Ct. Rec. 9) was unclear as to whether Plaintiff exhausted available administrative remedies.  (*See* Ct. Rec. 10 p. 2.) Plaintiff's responses to the dismissal motion (Ct. Recs. 42 & 44) clarified that he did not appeal the disciplinary hearing findings to the superintendent because (1) Defendant Petrie advised him that he would be unable to present witnesses, evidence, or argument during the appeal and (2) a new hearing could not remedy the already-taken disciplinary actions. Plaintiff therefore argues that there were no available administrative remedies to exhaust.  The Court acknowledges

---

[1]  Section 1997(e) states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).

ORDER -- 2

Plaintiff's frustration with the process; however, because Plaintiff did not appeal the disciplinary hearing findings, the Court must dismiss this action.

An appeal to the superintendent was still available. WAC 137-28-310(8); WAC 137-28-380; *see Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005). The superintendent would have reviewed the hearing record to determine whether to affirm the hearing officer's decision, vacate the decision, or remand for a new hearing. WAC 137-28-380. Although the appeal would not have included the process Plaintiff desired, there was still a possibility that Plaintiff could obtain relief through the appeal.[2]

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6) **(Ct. Rec. 38)** is **GRANTED**.

2. **JUDGMENT** is to be entered in Defendants' favor.

3. All pending pretrial and trial dates are **STRICKEN**.

4. This file shall be **CLOSED**.

///
///
///
///
///

---

[2] The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suites, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Block*, 549 U.S. 199, 204 (2007). A prison should ensure that its disciplinary hearing process serves these purposes.

ORDER -- 3

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff and counsel.

**DATED** this   3rd    day of December 2008.


                          S/ Edward F. Shea
                          EDWARD F. SHEA
                   UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\0287.dism.wpd

ORDER -- 4